CLERK'S OFFICE U.S. DIST COURT
AT CHARLOTTESVILLE, VA
FILED

JUN 0 6 2008

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| Dena Bowers,<br><br>*Plaintiff,*<br><br>v.<br><br>University of Virginia, et al.,<br>*Defendants.* | CIVIL ACTION NO. 3:06cv00041<br><br>MEMORANDUM OPINION AND<br>ORDER<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff's motion to reconsider the magistrate judge's award of Rule 56(g) sanctions (docket no. 127), Defendants' motion to reconsider the denial of Rule 11 sanctions (docket no. 128), and Plaintiff's motion to deny Defendants' Rule 11 sanctions and reconsider the denial of her motion for Rule 11 sanctions (docket no. 129). For the reasons stated below, I find that the magistrate judge did not clearly err in awarding $4,150.00 in sanctions to Defendants and will DENY Plaintiff's appeal of his decision. In addition, I find that the magistrate judge did not clearly err in denying Plaintiff's motion for Rule 11 sanctions and will DENY her motion to reconsider. I do find, however, that the magistrate judge abused his discretion by not addressing Defendants' request for attorneys' fees and expenses incurred in opposing Plaintiff's motion for Rule 11 sanctions. As a result, I will GRANT Defendants' motion to reconsider and award $1,743.00 in attorneys' fees and expenses.

## I. BACKGROUND

The underlying dispute in this matter arises from the alleged wrongful termination of the plaintiff, Dena Bowers ("Bowers"), by the University of Virginia ("University") and its employees. Bowers filed her complaint in June 2006, and alleged that the defendants had (1) deprived her of her

right to procedural due process; (2) violated her right to free speech under the First Amendment; (3) conspired to harm her professional reputation, and (4) that their actions constituted a breach of contract. The Court subsequently dismissed her state law claims of business conspiracy and breach of contract pursuant to Federal Rule of Procedure 12(b)(6) on October 24, 2006, leaving only her constitutional claims alive.

In January 2007, the parties filed cross-motions for summary judgment. First, Defendants argued in their motion for summary judgment that no evidence existed to support Bowers' claims and that the individual defendants, Leonard Sandridge, Yoke San Reynolds, Nat Scurry, and Lucinda Childs-White, were entitled to qualified immunity. Defendants attached twelve exhibits in support of their motion, which totaled 147 pages and consisted of ten witness affidavits, thirteen excerpted pages of Bowers' deposition, and Bowers' responses to requests for admissions. Defendants also argued in a separate motion for judgment on the pleadings that the University and the individual defendants, in their official capacities as state officials, were not "persons" within the meaning of 42 U.S.C. § 1983.

Bowers argued in her motion for summary judgment that the facts established, as a matter of law, that Defendants had fired her in violation of the First Amendment and in violation of her right to due process, and submitted seventy-four exhibits in support of her motion. These exhibits consisted of over 600 pages of unredacted deposition transcripts, approximately fifty-one unauthenticated electronic mailings, three documents written by the NAACP that had no relevance to this case, and a ten page affidavit by Bowers in which she claimed that one of the defendants was a "compulsive liar" and that the University and its attorneys had engaged in witness tampering.[1] In

---

[1] Bowers claimed that University counsel only represented University employees that did not take sides against the University, that the University pressured employees to alter their testimony in its favor, and that University counsel improperly asserted attorney-client privilege

response, Defendants filed a motion to strike and asked that the unauthenticated documents and the inadmissible evidence,[2] including the numerous examples of hearsay and hearsay within hearsay, be disregarded and that sanctions be awarded pursuant to Federal Rule of Civil Procedure 56(g) against Bowers and her counsel, Deborah Wyatt, jointly and severally.[3] Bowers filed a motion in opposition to Defendants' motion for summary judgment and submitted nearly 350 pages of additional deposition transcripts and affidavits in support. She also included a ten page personal affidavit by Ms. Wyatt in an attempt to authenticate the electronic mailings attached to her earlier motion for summary judgment.

On March 15, 2007, the Court granted Defendants' motion and ordered that fifty-one of Bowers' exhibits be stricken because of their lack of authentication. The Court also ordered that the affidavits of Dena Bowers and Celene Pumphrey be stricken because they contained inadmissible hearsay and inflammatory language. The Court further held that Bowers had violated the Pretrial Order entered on July 28, 2006, because she had filed hundreds of pages of unused discovery material by not redacting the irrelevant portions of the transcripts submitted in support of her motion. As a result, the Court ordered that Exhibits C, D, I, HH, YYY, and AAA—nearly 800 pages of complete, unredacted transcripts—be stricken and that Bowers resubmit only the relevant pages cited in her pleadings and those pages preceding or following the cited pages necessary to provide

---

to conceal this pressure.

[2]Although Bowers had only filed her motion for summary judgment when Defendants filed their motion for Rule 56(g) sanctions, Defendants expressly reserved the right to object to any exhibits offered by Bowers in support of future Rule 56 filings.

[3]Specifically, Defendants objected to (1) all unauthenticated documents that were not supported by and attached to an affidavit as required by Rule 56(e); (2) the unsubstantiated defamatory attacks against the individual defendants contained in the affidavits of Dena Bowers and Celene Pumphrey; and (3) the forty separate exhibits that contained impermissible hearsay and hearsay within hearsay in violation of Federal Rules of Evidence 802 and 805.

3

sufficient context.[4] The Court also took the issue of Rule 56(g) sanctions under advisement at that time.[5]

The Court granted Defendants' motion for judgment on the pleadings and Defendants' motion for summary judgment shortly thereafter, leaving only the issue of whether Bowers received an opportunity to be heard for trial. Bowers later stipulated that summary judgment should be entered as to this claim and the Court entered judgment in favor of Defendants on April 2, 2007. In addition, the Court referred the issue of Rule 56(g) sanctions to Magistrate Judge James G. Welsh pursuant to 28 U.S.C. § 636(b)(1)(A). Bowers subsequently filed her own motion for sanctions pursuant to Federal Rule of Civil Procedure 11, claiming that Defendants' claim for Rule 56(g) sanctions was not filed in good faith or supported by law or fact. Defendants opposed this request and asked that they receive reasonable attorneys' fees and expenses in the amount of $2,625.00 in opposing her motion.

A hearing was scheduled before Judge Welsh for June 19, 2007, but the electronic Notice sent to the parties by the court's Electronic Case Filing system incorrectly stated that the hearing would be held on July 19, 2007.[6] Defendants appeared before Judge Welsh on June 19 as originally scheduled, but Ms. Wyatt—relying on the electronic Notice—did not. Judge Welsh initially delayed the proceeding for twenty minutes as the court attempted to contact Ms. Wyatt, but ultimately

---

[4]Bowers edited the deposition transcripts and resubmitted the relevant portions within five days of the Court's order and reduced the nearly 800 pages of deposition testimony to approximately 120 pages of relevant testimony. Specifically, Bowers reduced Exhibit C from 97 pages to 12, Exhibit D from 160 pages to 43, Exhibit I from 126 pages to 9, Exhibit HH from 60 pages to 9, Exhibit YYY from 83 pages to 31, and Exhibit AAA from 261 pages to 19.

[5]In sum, the Court struck sixty-two of Bowers' seventy-four exhibits.

[6]The docket entry for the Notice and the electronic cover sent along with the Notice correctly stated, however, that the hearing on Defendants' motion for Rule 56(g) sanctions would be held on June 19, 2007. (Docket Entry 116.)

4

proceeded without her. Ms. Wyatt later contacted the court and advised that the Notice stated the hearing was to be held on July 19, not June 19. Judge Welsh assumed responsibility for the error and declared the June 19 hearing a nullity. The parties rescheduled the matter for July 9, 2007, and Judge Welsh heard their arguments *de novo*.

On October 9, 2007, Judge Welsh issued an order granting Defendants' motion for Rule 56(g) sanctions solely against Ms. Wyatt and awarded $4,150.00 in attorneys' fees. In addition, Judge Welsh denied Bowers' motion for Rule 11 sanctions, but did not address Defendants' request for attorneys' fees and expenses incurred in opposing her motion. Both parties appealed the decision to this Court—Ms. Wyatt appealed the award of Rule 56(g) sanctions and the denial of her motion for Rule 11 sanctions and Defendants asked the Court to reconsider their request for attorneys' fees and expenses.

Ms. Wyatt argues that (1) Judge Welsh lacked jurisdiction to award Rule 56(g) sanctions because the parties did not consent to having this issue adjudicated by a magistrate and the issue is dispositive and, therefore, Judge Welsh could only issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B); (2) Defendants did not meet their burden of providing that the affidavits submitted were in bad faith; (3) she was denied due process because Judge Welsh examined her conduct throughout the case rather than the limited issue of the affidavits and evidence submitted with her motion for summary judgment; (4) Judge Welsh lacks partiality and is unfairly prejudiced against her; and (5) Defendants did not provide evidence of damages in their request for sanctions. The Court held a hearing in this matter on February 29, 2008, and the matter is now ripe for decision.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 72 permits a party to submit objections of a magistrate's

ruling to the district court within ten days of the order. Fed. R. Civ. P. 72; *see also* 28 U.S.C. § 636(b). The standard of review applied by the district court differs depending on whether the issue decided by the magistrate is dispositive or nondispositive of the litigation. For dispositive matters, the district court undertakes a *de novo* review of those portions of the magistrate's report and recommendation to which objections were made. Fed. R. Civ. P. 72(a); *see also Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982). If an issue is nondispositive, however, the district court will modify or set aside the magistrate judge's order only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

In general, a matter is nondispositive if it does not resolve the substantive claims for relief alleged in the pleadings. *See Wachovia Bank, Nat'l Ass'n v. Deutsche Bank Trust Co. Ams.*, 397 F. Supp. 2d 698, 701–02 (W.D. N.C. 2005) (quoting *Batiste v. Catoe*, 27 Fed. Appx. 158, 159 (4th Cir. 2001)). Therefore, district courts review such orders under the clearly erroneous or contrary to law standard of review. *Aluminum Co. of Am. v. EPA*, 663 F.2d 499, 501 (4th Cir. 1981) ("Because under § 636(b)(1)(A) the magistrate will not be disposing of the entire case, Congress provided that the [district judge] need only determine if the magistrate's order is 'clearly erroneous or contrary to law.'"). An order is "clearly erroneous" if the reviewing court, considering the entirety of the evidence, "is left with the definite and firm conviction that a mistake has been made," *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Harman v. Levin*, 772 F.2d 1150, 1153 (4th Cir. 1985), and is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000). Thus, the district court accords the magistrate broad discretion to resolve nondispositive matters under the clearly erroneous standard, and will overrule the magistrate's decision only if this discretion is clearly abused. *Pflum v. United States*, 212 F.R.D. 580, 582 (D. Kan. 2003).

## III. DISCUSSION

### A. The Court Will Review the Magistrate Judge's Decision for Clear Error

As an initial matter, the determination of sanctions is ordinarily nondispositive; therefore, consent is not required of the parties to refer this motion to the magistrate judge. Federal Rule of Civil Procedure 72 provides that a magistrate may enter a written order disposing of any issue nondispositive of a party's claim or defense of a party. Fed. R. Civ. P. 72(a). The decision to award sanctions, whether under Rule 11, Rule 37, or Rule 56(g), is generally considered nondispositive unless the sanction imposed is itself dispositive of a claim or defense, *i.e.*, the dismissal of a claim or defense.[7] *Maisonville v. F2 America, Inc.*, 902 F.2d 746, 747–48 (9th Cir. 1990) (holding that Rule 11 sanctions are nondispositive unless dispositive of a claim or defense); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525–26 (2d 1990) (finding Rule 37 monetary sanctions to be nondispositive and subject to clearly erroneous standard of review); *Giganti v. Gen-X Strategies, Inc.*, 222 F.R.D. 299, 304 n.9 (E.D. Va. 2004) (adopting view that the imposition of sanctions is a nondispositive matter unless the sanction imposed disposes of a claim or defense); *Segal v. L.C. Hohne Contractors, Inc.*, 303 F. Supp. 2d 790, 794 (S.D. W. Va. 2004) ("[W]hen a party brings any motion for sanctions, the sanction chosen by the magistrate judge, rather than the sanction sought

---

[7]The Fourth Circuit has not addressed the issue of whether Rule 11 or Rule 56(g) sanctions are dispositive or nondispositive and may be disposed of by a magistrate judge, but has held in an unpublished opinion that Rule 37 sanctions—specifically a request for attorneys' fees pursuant to Rule 37—are nondispositive and to be reviewed only for clear error. *Kebe ex rel. K.J. v. Brown*, 91 Fed. Appx. 823, 827 (4th Cir. 2004) ("The magistrate judge's order disposing of [the plaintiff's] Rule 37 motion for sanctions is undoubtedly a nondispositive matter covered by Rule 72."). Although two circuits—the Sixth and the Seventh—have held that Rule 11 sanctions are always dispositive and may not be disposed of by a magistrate judge, the majority of courts have held, including two other courts in this circuit, the Eastern District of Virginia and the Southern District of West Virginia, as well as the Second and Ninth Circuits, have held that it is not the form of the sanction, but rather the function, that determines whether a request for sanctions may be heard by a magistrate judge. I find the reasoning of my sister courts in this circuit to be persuasive and adopt their reasoning.

by the party, governs the determination of whether Rule 72(a) or 72(b) applies."). *But see Bennett v. Gen. Caster Serv. of N. Gordon Co., Inc.*, 976 F.2d 995, 998 (6th Cir. 1992) (holding that Rule 11 sanctions are dispositive regardless of the sanction imposed). The sanctions requested by the parties here—Defendants' request for monetary sanctions under Rule 56(g) and Bowers' request for monetary sanctions under Rule 11—are not dispositive of any claim or defense in this matter. Moreover, the award of sanctions did not occur until after the resolution of Bowers' substantive claims, thereby eliminating any possibility that the sanctions awarded by the magistrate judge were dispositive of a party's claim or defenses. The sanctions requested therefore were clearly nondispositive and did not require consent by the parties to be referred to the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court."); *see also Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) ("[A] district judge may refer nondispositive motions . . . to a magistrate judge for decision without the parties' consent."). Thus, the magistrate's decision will be overturned only if clearly erroneous or contrary to law.[8] *Aluminum Co. of Am.*, 663 F.2d at 501.

### B. The Award of Sanctions Was Not In Error

Federal Rule of Civil Procedure 56(g) requires the court to award reasonable expenses, including reasonable attorney's fees, incurred by a party because of affidavits filed by an opposing party in bad faith or solely for the purpose of delay. Fed. R. Civ. P. 56(g). Rule 56(g) does not define "bad faith," but it ordinarily involves a dishonesty of belief or purpose, *Black's Law Dictionary* 149 (8th ed. 2004), or "where a claim is entirely without color and has been asserted

---

[8] Ms. Wyatt also argues that Rule 54(d) prohibits the referral of claims for attorney's fees and expenses to a magistrate judge. Rule 54(d)(E) expressly provides, however, that Rule 54(d) does not apply to "claims for fees and expenses as sanctions for violating these rules or as sanctions under 28 U.S.C. § 1927." Fed. R. Civ. P. 54(d)(E). Thus, this argument is without merit.

8

wantonly, for purposes of harassment or delay, or for other improper purpose," *Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1336 (11th Cir. 2002); *Browning Debenture Holders' Comm. v. DASA Corp.*, 560 F.2d 1078, 1088 (2d Cir. 1977). A finding of bad faith is inherently a factual inquiry subject to review only for clear error. *Hyatt v. Shalala*, 6 F.3d 250, 255 (4th Cir. 1993).

In this case, the magistrate judge performed a careful and deliberate review of Ms. Wyatt's conduct and determined that the affidavits filed in support of Bowers' motion for summary judgment and response in opposition to Defendants' motion for summary judgment were filed in bad faith and in an apparent attempt to obfuscate or delay. The magistrate judge considered not only the affidavits in question, but also her other Rule 56 filings—the 800 pages of unredacted deposition transcripts and her legal memoranda—before concluding that Ms. Wyatt failed to exercise legal judgment, advanced multiple submissions and contentions that had no realistic hope of prevailing, and otherwise demonstrated utterly reckless preparation.[9] The magistrate judge did not, however, base his decision to award Rule 56(g) sanctions on the unredacted depositions or the legal memoranda; instead, he considered the filings only for the purpose of determining Ms. Wyatt's subjective intent because a finding of a person's intent requires the court to examine the surrounding facts and circumstances.[10] *United States v. Bolden*, 325 F.3d 471, 494 (4th Cir. 2003) ("[T]he question of

---

[9]Specifically, Judge Welsh found that Ms. Wyatt made no discernible effort to comply with Rule 56(e)'s requirement that affidavits be made on personal knowledge and be admissible in evidence. Instead, Ms. Wyatt attached affidavits that contained patently inadmissible hearsay and character attacks that otherwise would be considered defamatory. As a result, Judge Welsh concluded that the affidavits submitted in support to Bowers' motion for summary judgment were submitted with reckless disregard for accuracy and that Wyatt's personal affidavit submitted in support of Bowers' response in opposition was recklessly prepared and demonstrated an abject failure to exercise rudimentary legal judgment.

[10]Rule 56(g) does not specify whether the court is to apply a subjective or objective standard when considering whether an affidavit is filed in bad faith. The magistrate judge concluded that courts generally apply the higher subjective standard, which requires the offending party to have known that the affidavit was false or used solely for the purpose to delay.

9

one's intent is not measured by a psychic reading of [an individual's] mind but by the surrounding facts and circumstances; i.e., circumstantial evidence.") (quoting *United States v. Larson*, 581 F.2d 664, 667 (7th Cir. 1978)). The magistrate judge also held on alternative grounds that sanctions against Ms. Wyatt were warranted pursuant to 28 U.S.C. § 1927, which permits the court to award costs and fees upon a finding of bad faith on the part of counsel. *Brubaker v. City of Richmond*, 943 F.2d 1363, 1382 n.25 (4th Cir. 1991); *see also Thomas v. Ford Motor Co.*, 244 Fed. Appx. 535, 539 (4th Cir. 2007) (unpublished) (finding that § 1927 is "triggered by subjective bad faith" on the part of counsel).

The magistrate judge's explanation of his decision is more than adequate to find Ms. Wyatt liable for sanctions. The magistrate judge carefully explained how he arrived at his decision that Ms. Wyatt subjectively acted in bad faith in submitting the offending affidavits and I find that he did not clearly err in his findings. Upon finding that Ms. Wyatt filed the affidavits in bad faith, the magistrate judge was obligated to impose sanctions under Rule 56(g). *See* Fed. R. Civ. P. 56(g) ("If satisfied that an affidavit under this rule is submitted in bad faith or solely for delay, the court *must* order the submitting party to pay the other party reasonable expenses, including attorney's fees, it incurred as a result.") (emphasis added).[11] The magistrate judge awarded sanctions only against Ms. Wyatt, however, and not against the party she was representing, Dena Bowers. Rule 56(g) suggests that only a party, but not their counsel, may be ordered to pay expenses under the rule, but this interpretation would make the party solely responsible for the misconduct of their counsel, who will

---

[11] This recitation of Rule 56(g) comes from the 2008 Edition of the Federal Rules of Civil Procedure. The language of Rule 56 has changed from the 2007 Edition in effect at the time of the magistrate judge's decision, but the changes were intended to be stylistic only. Fed. R. Civ. P. 56 advisory committee's note. The new version of Rule 56(g) does make very clear, however, that the court is required to award sanctions by changing the rule from "the court shall forthwith order the party . . . to pay" to "the court must order the submitting party to pay."

10

otherwise bear no responsibility for their actions under the rule absent a holding of contempt. *See Cobell v. Norton*, 214 F.R.D. 13, 22 (D.D.C. 2003) ("[T]he language of Rule 56(g) plainly states that although any offending party or attorney may be held in contempt under the Rule, only a party may be ordered to pay expenses.") Therefore, it is possible that the magistrate judge's decision was contrary to law in awarding sanctions only against Ms. Wyatt and not Bowers, but I will not read Rule 56(g) so narrowly as to allow Ms. Wyatt to escape liability for her misconduct. Moreover, to the extent that the magistrate judge did err in awarding sanctions against Ms. Wyatt, this error is harmless because of his decision to award sanctions on alternative grounds pursuant to 28 U.S.C. § 1927, which permits the award of sanctions against an attorney who acts unreasonably and vexatiously. *See Brubaker*, 943 F.2d at 1382 n.25 (noting that attorneys have a continuing obligation in the course of litigation not to delay or multiply proceedings unreasonably or vexatiously); *see also Salovaara v. Eckert*, 222 F.3d 19, 35 (2d Cir. 2000) ("[T]he imposition of sanctions under § 1927 requires 'a clear showing of bad faith on the part of the attorney,' and [it] may be inferred 'only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.'"). The magistrate judge held that Ms. Wyatt acted in bad faith and with an intent to obfuscate and to delay because of her failure to exercise legal judge, her reckless preparation, and the advancement of multiple submissions and contentions that had no hope of prevailing. Accordingly, I find that the magistrate judge's award of sanctions is not contrary to law, whether pursuant to Rule 56(g) or § 1927.[12]

---

[12]Further, the court possesses the inherent authority to impose sanctions against a party who "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991), and this authority extends to a full range of litigation abuses, *id.* at 46. The court may use this power to sanction an attorney for conduct "even if procedural rules exist which sanction the same conduct." *Id.* at 49. Therefore, it is immaterial the form which the magistrate judge used to award the sanctions once he found that Ms. Wyatt knowingly acted in bad faith.

11

## C. Ms. Wyatt Received Adequate Process Before Sanctions Were Awarded

The mandates of due process ordinarily require that a court provide notice and an opportunity to be heard before the court imposes any type of sanction. *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1306 (11th Cir. 2006); *see also In re Cohen v. Fox*, 122 F.3d 1060, 1997 WL 577583, *2 (4th Cir. 1997) (unpublished). The process due to a party will differ depending upon the circumstances of the case, *Simmerman v. Corino*, 27 F.3d 58, 64 (3d Cir. 1994); *In re Cohen*, 1997 WL 577583, at *2, but generally requires that a party receive notice that the court is considering sanctions against him, the specific conduct considered sanctionable, and, if possible, the authority for imposing the sanctions. *See, e.g., Nuwesra v. Merrill Lynch, Fenner & Smith, Inc.*, 174 F.3d 87, 92 (2d Cir. 1999). The court need not provide prior notice of the specific authority of the sanction, however, where notice is given to the party of the specific conduct subject to sanctions and the applicable standard with which the party was required to comply.[13] *See Fellheimer, Eichen & Braverman, P.C. v. Charter Techns., Inc.*, 57 F.3d 1215, 1225–27 (3d Cir. 1995) (holding that particularized notice of the grounds for sanctions is not absolute and not required if the sanctioned party is plainly on notice that he is facing sanctions for conduct involving subjective bad faith); *see also In re DeVille*, 361 F.3d 539, 549 (9th Cir. 2004) (adopting holding of *Fellheimer* and finding that due process satisfied if party receives advance notice of conduct that is allegedly sanctionable and that it is accused of having acted in bad faith).

Here, I find that the magistrate judge provided sufficient notice to Ms. Wyatt to comport with the requirements of due process. The Notice sent to the parties by the court's Electronic Case Filing

---

[13]The Fourth Circuit has not adopted the requirement of particularized notice before sanctions may be awarded and has even suggested that it would not require such notice in cases where a rule exists which in itself would provide notice to attorneys. *In re Cohen*, 1997 WL 577583, at *3.

12

system clearly stated that the court would be holding a hearing on the parties' respective motions for sanctions and, after Ms. Wyatt filed her motion for Rule 11 sanctions, identified the motions by their respective docket entry numbers.[14] Further, Defendants' motion for Rule 56(g) sanctions specifically asked for sanctions because the affidavits and other documents filed with her motion for summary judgment were filed in bad faith and for an improper purpose. Thus, Ms. Wyatt received ample notice that sanctions were being sought, of the allegedly sanctionable conduct, and that she was facing sanctions for conduct involving bad faith. *Fellheimer, Eichen & Braverman, P.C.*, 57 F.3d at 1225–27.

In addition, Ms. Wyatt received an opportunity to be heard, both through her motion in opposition to Defendants' motion requesting sanctions and at the hearing held on July 9, 2007. As such, she received ample opportunity to explain why she did not act in bad faith or in an attempt to obfuscate or delay in submitting the objectionable affidavits, and, as a result, the magistrate judge satisfied the requirements of due process. *In re Kunstler*, 914 F.2d 505, 521 (4th Cir. 1990) (holding that due process does not always require an evidentiary hearing before sanctions are imposed). Moreover, the magistrate judge did not convert the July 9, 2007 hearing into a broader inquiry than that which she was notified despite Ms. Wyatt's assertions to the contrary. The magistrate judge did not perform a Rule 11 inquiry or review her conduct during the course of litigation for the purpose of finding every sanctionable action; instead, he considered the facts and circumstances surrounding the submitted affidavits in an attempt to determine whether Ms. Wyatt knowingly acted in bad faith. Ms. Wyatt reasonably should have expected that the magistrate judge would need to consider

---

[14]Specifically, the Notice first stated that the proceeding was "Post Trial Motion Hearing re: Motion for Sanctions." (Docket Entry 117.) The court sent a revised Notice after Ms. Wyatt filed her motion for Rule 11 sanctions that stated the proceeding involved "Post Trial Motions Hearing. Court will hear oral argument on motions #58 [Defendants' motion for Rule 56(g) sanctions] and #118 [Bowers' motion for Rule 11 sanctions]." (Docket Entry 121.)

13

circumstantial evidence to determine her subjective intent. *Bolden*, 325 F.3d at 494 ("[T]he question of one's intent is not measured by a psychic reading of [an individual's] mind but by the surrounding facts and circumstances; i.e., circumstantial evidence."). The magistrate judge's decision makes clear, however, that he considered the record as a whole only to determine whether Ms. Wyatt acted with the requisite bad faith required by Rule 56(g) and that, based on this record, he found that the affidavits were submitted with reckless disregard for accuracy, with an abject failure to exercise rudimentary legal judgment, and with an intent to obfuscate or delay. Accordingly, I find that the magistrate judge did not clearly err in awarding sanctions against Ms. Wyatt and amply satisfied the requirements of due process.

### D. Ms. Wyatt Has No Evidence to Support Claim that Judge Welsh Acted with Bias

The due process clause is designed to ensure a "fair trial in a fair tribunal," *Withrow v. Larkin*, 421 U.S. 35, 46 (1975), before a factfinder without actual bias against either party or an interest in the outcome of the particular case, *Bracy v. Gramley*, 520 U.S. 899, 905 (1997). A showing of actual bias is not required; the mere likelihood or appearance of bias can disqualify a judge. *Taylor v. Hayes*, 418 U.S. 488, 501 (1974). The question is not whether a judge is in fact partial; instead, the issue is whether a reasonable person would have a reasonable basis to question the judge's impartiality. *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987). The alleged bias must be derived from an extra-judicial source, however, and result "in an opinion on the merits on a basis other than that learned by the judge from his participation in the matter." *Id.* The moving party bears a substantial burden to show that a judge is not impartial because of the risk that litigants will otherwise acquire veto power over judges or use claims of bias as a judge shopping device. *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Ms. Wyatt alleges that the conduct of the magistrate judge, in deciding the motions before

him, raises the appearance of bias and unfair prejudice toward her and that he was predisposed to sanction her. In particular, Ms. Wyatt points to the criticisms and harsh questions by the magistrate judge regarding her conduct and claims that she feels were not equally directed toward defense counsel and, therefore, demonstrate a pre-hearing bias against her. Ms. Wyatt also objects to the alleged *ex parte* hearing on June 19, 2007, and the lack of a transcript for the aborted hearing that suggest—according to Ms. Wyatt—unusual circumstances and the resulting bias.

Having reviewed the transcript of the July 9, 2007 hearing, I find the claims of bias frivolous and without merit. There is nothing in the record here to suggest that the magistrate judge was biased or unfairly prejudiced against Ms. Wyatt. Instead, the record shows that the magistrate judge assumed responsibility for the incorrect hearing date in the Notice sent to the parties—despite the fact that Ms. Wyatt shared partial responsibility for the mistake in that the June 19, 2007 date was agreed upon by the parties in advance of the Notice being sent—and declared that July 9, 2007 hearing would be heard *de novo* and the June 19, 2007 hearing would be a nullity. The magistrate judge's harsh questioning and criticisms in the July 9, 2007 hearing do not show favoritism toward the defendants or antagonism to Ms. Wyatt, but rather skepticism over her arguments and reasoning that clearly do not support a claim of bias. *Liteky v. United States*, 510 U.S. 540, 555 (1994) (holding that judicial remarks to a party, whether critical, disapproving, or even hostile, do not support a claim of partiality or bias unless the remarks "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible"). Moreover, the skepticism exhibited by the court appears to be have been the result of additional preparation by the magistrate judge and a better understanding of the motions before him, (Hearing Tr. 8), and "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or impartiality motion unless they display a deep-

seated favoritism or antagonism . . . ." *United States v. Lentz*, 524 F.3d 501, 530 (4th Cir. 2008) (quoting *Liteky*, 510 U.S. at 555). The only other possible source of bias or partiality is the fact that the magistrate judge ruled against Ms. Wyatt, and it is well established that judicial rulings almost never constitute a valid claim of bias or partiality. *Liteky*, 510 U.S. at 555. Thus, I am left with only mere speculation, conjecture, and sour grapes on the part of Ms. Wyatt and, therefore, cannot find that the magistrate judge acted with bias or partiality. *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998) (explaining that judges do not have to recuse themselves because of "unsupported, irrational, or highly tenuous speculation"); *Fashion House, Inc. v. K-Mart Corp.*, 892 F.2d 1076, 1096 (1st Cir. 1989) ("[The Court] expect[s] counsel . . . to take their obligations . . . seriously, and to refrain from casting unwarranted aspersions. When a party loses calamitously, it may seem an easy excuse to blame the judge and impugn his fairness—but [the] court is not prone to swallow sour grapes whole, without concrete evidence of spoilation.").

### E. Magistrate Judge Did Not Clearly Err in Not Requiring Written Evidence of Fees

Last, Ms. Wyatt objects to the award of sanctions because Defendants did not present written or sworn evidence of damages in support of their request for expenses incurred. Ms. Wyatt does not cite any binding authority for this proposition and Rule 56(g) does not set forth such a requirement. *See* Fed. R. Civ. P. 56(g) ("If satisfied that an affidavit under this rule is submitted in bad faith or solely for delay, the court must order the submitting party to pay the other party reasonable expenses, including attorney's fees, it incurred as a result."). Defendants did, however, provide a detailed accounting of the time spent responding to Bowers' motion for summary judgment during the July 9, 2007 hearing in which Ms. Wyatt was present.[15] (Hearing Tr. 36–39.) Ms. Wyatt did not

---

[15]Defendants explained that the objectionable filings resulted in twenty-five hours of unnecessary work, with 2.5 hours spent reviewing and studying Bowers' Rule 56 motion for summary judgment, 2.5 hours spent in related legal research, 3.0 hours spent drafting and filing

16

Case 3:06-cv-00041-NKM-JGW   Document 143   Filed 06/06/08   Page 16 of 20   Pageid#: 2351

object to their accounting or suggest that it was unreasonable.

Defendants should have submitted an itemized accounting and supporting affidavit, *see, e.g., Mohammed v. Union Carbide Corp.*, 606 F. Supp. 252, 262 (E.D. Mich. 1985) (explaining that the attorney *should have* submitted an "itemized statement") (emphasis added), or the magistrate judge should have granted the request for Rule 56(g) sanctions, but delayed the determination of the amount of sanctions until after Defendants submitted their supporting documentation, *see, e.g., Poliquin v. Garden Way, Inc.*, 154 F.R.D. 29, 33 (D. Me. 1994) (granting motion for Rule 37 sanctions and directing prevailing party to provide documentation in support of all claims for reasonable attorney fees and costs associated with the motion). Nevertheless, it appears that the magistrate judge had a sufficient factual basis to assess and impose the Rule 56(g) sanctions against Ms. Wyatt and there is no indication that Ms. Wyatt did not have an opportunity to challenge or rebut Defendants' asserted damages. Accordingly, I find that to the extent that the magistrate judge erred in not receiving supporting documentation in writing by way of affidavit and an itemized time statement, this error was harmless.[16] *Cf. Ordower v. Feldman*, 826 F.2d 1569, 1576 (7th Cir. 1987)

---

their motion to strike and supporting memorandum, 4.0 hours spent reviewing Bowers' response and drafting a reply, 4.0 hours spent arguing the Rule 56(g) motion, and 9.0 hours of otherwise unnecessary time spent preparing and responding to Bowers' 42 U.S.C. § 1983 claims.

[16]Further, I find that Rule 43 is inapplicable in this matter despite Ms. Wyatt's reliance to the contrary. Federal Rule of Civil Procedure 43(c) allows the court to select the type of evidence necessary to resolve a factual dispute, whether it be affidavits, oral testimony, depositions, or documents. Fed. R. Civ. P. 43(c); *see also Seamons v. Snow*, 206 F.3d 1021, 1025–26 (10th Cir. 2000). Defendants did not testify under oath in providing their oral accounting of their time, but I find that their evidence is still reliable given their duty to "fulfill the obligations of truth, candor, accuracy, and professional judgment that are expected of [attorneys] as an officer of the court." *Centauri Shipping Ltd. v. W. Bulk Carriers KS*, 528 F. Supp. 2d 197, 201 (S.D.N.Y. 2007) (quoting *Oliveri v. Thompson*, 803 F.2d 1265, 1267 (2d Cir. 1986)). As such, the representations made to the court are taken as true and equivalent to being under oath. *Holloway v. Arkansas*, 435 U.S. 475, 484 (1978) ("[A]ttorneys are officers of the court, and when they address the judge solemnly upon a matter before the court, their declarations are virtually made under oath.") (quotations and citations omitted).

17

(holding that court does not always have to receive documentation of attorney's fees and other expenses prior to awarding sanctions, particularly when the sanctions awarded are relatively small and "bear[] a reasonable relationship to the burden imposed upon the non-offending party").

### F. The Magistrate Judge Did Not Err in Denying Bowers' Motion for Rule 11 Sanctions

Federal Rule of Civil Procedure 11 allows the court to award sanctions for violations of Rule 11(b) so long as the sanction is "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Rule 11 also permits the court to award the party prevailing on a motion for Rule 11 sanctions "the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2). The decision to impose Rule 11 sanctions lies in the discretion of the court. *In re Edmond*, 934 F.2d 1304, 1313 (4th Cir. 1991).

Here, the magistrate judge held that Ms. Wyatt's Rule 11 motion was nothing but "a strategic ploy that [had] absolutely no chance of success under existing precedent" and that her assertion that Defendants' Rule 56(g) motion was "neither made in good faith nor reasonably supported by law or fact" was without merit, particularly in light of the fact that the defendants ultimately prevailed on their motion. I agree, and find that Ms. Wyatt had no legal basis for her Rule 11 motion, but instead filed the motion in retaliation to Defendants' Rule 56(g) motion, given that she waited over four months after Defendants filed their motion before asking for Rule 11 sanctions. Accordingly, I will deny Ms. Wyatt's motion to reconsider the denial of her Rule 11 motion. *See Steven v. Lawyers Mut. Liab. Ins. Co. of N.C.*, 789 F.2d 1056, 1061 (4th Cir. 1986) (upholding the denial of sanctions to party who had waited eight months after opposing counsel requested sanctions because the sanctions appeared "more retaliatory than substantive in nature").

Rule 11 permits the court to award expenses and attorneys' fees incurred in opposing a

18

Case 3:06-cv-00041-NKM-JGW   Document 143   Filed 06/06/08   Page 18 of 20   Pageid#: 2353

motion for Rule 11 sanctions. Fed. R. Civ. P. 11(c)(2). The plain language of the rule makes clear that the award of expenses and fees is discretionary, however, not mandatory. See Fed. R. Civ. P. 11(c)(2) ("If warranted, the court *may* award to the prevailing party the reasonable expenses . . . incurred for the motion.") (emphasis added). The magistrate judge did not address Defendants' request for expenses and fees incurred in opposing Ms. Wyatt's motion and I am unable to discern his intent. The Fourth Circuit has held repeatedly that it is an abuse of discretion to fail or refuse, either expressly or implicitly, to exercise discretion. *James v. Jacobsen*, 6 F.3d 233, 239 (4th Cir. 1993). Thus, I must conclude that the failure to address Defendants' request for attorneys' fees and expenses incurred in opposing Bowers' motion for Rule 11 sanctions is an abuse of discretion.

Defendants request $2,625.00 in attorneys' fees and expenses because of the 10.5 hours spent opposing Bowers' frivolous motion for Rule 11 sanctions. The magistrate judge previously held that their requested $250 hourly rate appeared to be excessive due to the overhead costs and other expenses of the University in having resident counsel. Therefore, the magistrate judge reduced Defendants' Rule 56(g) sanctions request from $6,250.00 to $4,150.00—a 33 percent reduction. For that reason, I shall award Defendants the attorneys' fees and expenses incurred in opposing Bowers' frivolous and meritless motion, but will reduce their $2,625.00 request by 33 percent. Accordingly, I hereby award Defendants $1,743.00 in attorneys' fees and expenses.

## IV. CONCLUSION

For the reasons stated herein, I find that the magistrate judge did not clearly err in awarding Defendants $4,150.00 in sanctions pursuant to Rule 56(g). Accordingly, I hereby DENY Bowers' appeal and motion to reconsider Judge Welsh's October 9, 2007 decision (docket no. 127). In addition, I find that the magistrate judge did not clearly err in denying Bowers' motion for Rule 11 sanctions. Therefore, I hereby DENY Bowers' motion to reconsider the denial of Rule 11 sanctions

19

(docket entry no. 129). Last, I find that the magistrate judge abused his discretion by not addressing Defendants' request for attorneys' fees and expenses incurred in opposing Bowers' motion for Rule 11 sanctions. Accordingly, I hereby GRANT Defendants' motion to reconsider and AWARD $1,743.00 in attorneys' fees and expenses (docket entry no. 128).

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

Entered this 6th day of June, 2008

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE